IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tijah M. Clarkson, #48256, | ) | C/A No.: 1:19-1970-HMH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Officer Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Tijah M. Clarkson ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action against Officer Williams ("Defendant"), alleging violations of his constitutional rights during his detention at Sumter-Lee Regional Detention Center. A summons was issued as to Defendant on August 27, 2019. [ECF No. 23]. This matter is before the court because the United States Marshals Service filed an unexecuted Form USM-285 on September 16, 2019, indicating that it could not serve the summons and complaint on Defendant. [ECF No. 26]. It appears a Deputy Marshall attempt to serve Defendant at the address Plaintiff provided on the Form USM-285, but was unable to effectuate service of process for the following reason: "SUMTER COUNTY ATTORNEY STATED THAT THERE IS NO OFFICER WILLIAMS EMPLOYED AT SUMTER CO." *Id.* The Deputy Marshal further provided "NEED MORE IDENTIFIERS." *Id.*

TO PLAINTIFF:

Plaintiff failed to provide adequate information to identify Defendant for service of process. Therefore, the undersigned permits Plaintiff until **October 7, 2019** (plus three days for mail time) to complete and return to the Clerk of Court a new summons and Form USM-285 for Defendant, by providing Officer Williams's full name (first and last). If Plaintiff cannot obtain or provide additional identifying information, Plaintiff must notify the court in writing whether he agrees to dismiss Defendant without prejudice or whether he seeks additional time for service of process with supporting reasons for such a request.

Plaintiff's attention is directed to Fed. R. Civ. P. 4(m), which provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff is hereby warned that if he does not respond to this order and/or does not provide a new summons and Form USM-285 for Defendant with additional identifying information, the undersigned may recommend that the case be dismissed without prejudice.

<u>TO THE CLERK OF COURT</u>:

The Clerk of Court shall mail a copy of this order and the proper form documents to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this Order, the Clerk of Court shall forward the file to the assigned United States Magistrate Judge for a recommendation. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA. If, however, Plaintiff provides this court with the items specified above, the Clerk of Court should forward the file to the assigned Magistrate Judge to authorize service of process upon Defendant or dismiss Defendant without prejudice.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 16, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION: PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):
   (a) **Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
   (b) **Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
   (c) **Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
   (d) **Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).